CONGDON & AYLESWORTH COMPANY, Respondent, *v.* PATRICK SHEE-HAN, Appellant.

*Evidence — competency in its own favor of the books of a corporation — declarations of an agent.*

A corporation is not in a position to receive the benefit of the rule which admits the books of a merchant who has no clerk.

Blotters and journals kept by a corporation are not evidence in its favor in an action brought by it to recover for goods sold, where the only proof of the correctness of the original entries in such books is that of a witness who testifies that he sold about eighty per cent of the goods and himself made the original entries, but fails to specify the particular entries which he made.

The declarations, made on the 21st day of February, 1893, of an agent of a corporation which ceased to do business in the previous January, are not competent to prove the correctness of an account.

APPEAL by the defendant, Patrick Sheehan, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rensselaer on the 4th day of April, 1896, upon the report of a referee.

*Cornelius Hannan,* for the appellant.

*Justin Kellogg* and *Edwin Arthur King,* for the respondent.

MERWIN, J. :

The plaintiff in its complaint claims to recover of the defendant the sum of $3,127.12, with interest from the 21st of February, 1893,

" being a balance of an account for goods, wares, merchandise and personal property, sold and delivered by the plaintiff to the defendant heretofore, between the 3rd day of May, 1892, and the 29th day of December, 1892." The judgment recovered is for the full amount.

Upon the trial the plaintiff offered in evidence its books of account, consisting of thirteen blotters and five journals. These were objected to by the defendant as incompetent and inadmissible and that the proper foundation for their introduction had not been laid. The objection was overruled and defendant excepted and the books were received in evidence. They contained the entries of debit and credit as contained in plaintiff's bill of particulars and as. found by the referee.

It is not now insisted by the respondent that the books of account as such were admissible. The plaintiff is a corporation and not in a position to get the benefit of the rule admitting the books of a merchant who has no clerk.

It is, however, claimed that the blotters, wholly or to a large extent, were admissible as memoranda made by the witness Aylesworth, and that his evidence in connection with such memoranda and the other competent evidence in the case is sufficient to sustain the judgment.

Aylesworth testified that he sold about eighty per cent of the goods and himself made the original entries. It is not clear that his evidence was sufficient to make his own entries competent evidence in the case. (*Russell* v. *Hudson River R. R. Co.*, 17 N. Y. 134, 140.) Assume, however, that it was, there were entries to the amount of $1,000 and upwards that he could not verify. Nor does he specify the particular entries which he did make.

The business of the defendant, in which these goods were sold, was carried on by an agent. The court admitted in evidence, over defendant's objection and exception, a statement or declaration of this agent as to the correctness of the entire account made by him on the 21st of February, 1893. The last sale claimed by the plaintiff was on the 28th of December, 1892. In January, 1893, the whole stock of goods in the business carried on by the agent was sold out and the business was apparently at an end. This the plaintiff

knew and was in correspondence with the defendant himself with a view of obtaining an adjustment of the account. The admission of the agent after the stoppage of the business was not, I think, competent against the defendant. (1 Greenl. on Ev. § 113.)

Aside from this admission, the evidence, to say the least, is very meagre as to the correctness of that part of the account not covered by the entries of the witness Aylesworth. There was no admission by the defendant himself of its correctness. He was entitled to have it proved, if at all, by competent evidence. He is, I think, entitled to the benefit of his exceptions to the entire admission of the books and to the declarations of the agent. These rulings cannot be well said to have been innocuous.

The judgment should be reversed, the referee discharged and a new trial granted, costs to abide the event.

All concurred.

Judgment reversed, referee discharged and a new trial granted, costs to abide the event.